UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ELVIS BUTCHER, LORENZO WILEY, SCOTT GORDON, JOSEPH BROWN, VINCENT McLAREN, PHILIP FIELDS, CARLOS BORGES CARREIRO, PATRICIA SHEA-SCANLON, and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED AIR LINES, INC., <br><br> Defendant. | **JURY DEMANDED** <br><br> Civil Action No. |

**CLASS ACTION COMPLAINT**

## I.  INTRODUCTION

1. This is a class action brought on behalf of United Air Lines skycaps working at airports throughout the United States. Skycaps have traditionally received most of their compensation from tips given to them by airline passengers. However, in 2005, in airports in a number of cities around the country, United Air Lines (and the companies with which it contracts to handle curbside baggage check-in) began assessing a $2 per bag charge on passengers that was not paid to the skycaps but was instead retained by United and these contractor companies. In addition, skycaps were required to hand over $2 per bag for every bag checked, regardless of whether they collected the charge from the customer, thus requiring them to make up shortages in the fee collection out of their tips.

2. United Air Lines has violated the FLSA by paying the skycaps less than the federal minimum wage because it is not entitled to take the "tip credit" against the minimum wage under the FLSA, since skycaps have not been permitted to keep all of their tips. The plaintiffs who have been paid an hourly rate lower than the federal minimum wage bring claims on behalf of similarly situated skycaps throughout the country who may opt in to this case under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq.

3. The Massachusetts plaintiffs (who have been paid an hourly rate lower than the Massachusetts minimum wage) bring claims for violation of the Massachusetts Minimum Wage Law, Mass. Gen. L. c. 151 §§ 1 and 7.

4. The plaintiffs seek restitution of the full minimum wage and all other relief to which they are entitled (including liquidated and/or treble damages).

## II. PARTIES

5. Plaintiff Elvis Butcher is an adult resident of Dallas, Texas. Mr. Butcher was employed as a United Air Lines skycap (through G2 Secure Staff LLC) at Dallas/Fort Worth International Airport in Texas during the period during which United assessed the $2 per bag charge described in this complaint. He and other United skycaps in Texas were paid an hourly rate of approximately $5.15, an amount that is less than the federal minimum wage.

6. Plaintiff Lorenzo Wiley is an adult resident of Fort Worth, Texas. Mr. Wiley was employed as a United Air Lines skycap at Dallas/Fort Worth International Airport during the period during which United assessed the $2 per bag charge described in the

complaint. He and other United skycaps in Texas were paid an hourly rate of approximately $5.15, an amount that is less than the federal minimum wage.

7. Plaintiff Scott Gordon is an adult resident of Kenosha, Wisconsin. Mr. Gordon was employed as a United Air Lines skycap at the Chicago airport during the period during which United assessed the $2 per bag charge described in this complaint. He and other United skycaps in Wisconsin were paid an hourly rate of approximately $5.15, an amount that is less than the federal minimum wage.

8. Plaintiff Joseph Brown is an adult resident of Mattapan, Massachusetts. Mr. Brown was employed as a United Air Lines skycap at Logan Airport in East Boston, Massachusetts (through Huntleigh Corporation) during the period during which United assessed the $2 per bag charge described in this complaint. He and other United skycaps in Massachusetts were paid an hourly rate of approximately $7, an amount that is less than the Massachusetts minimum wage.

9. Plaintiff Vincent McLaren is an adult resident of Dorchester, Massachusetts. Mr. McLaren was employed as a United Air Lines skycap at Logan Airport in East Boston, Massachusetts (through Huntleigh Corporation) during the period during which United assessed the $2 per bag charge described in this complaint. He and other United skycaps in Massachusetts were paid an hourly rate of approximately $7, an amount that is less than the Massachusetts minimum wage.

10. Plaintiff Philip Fields is an adult resident of Mattapan, Massachusetts. Mr. Fields was employed as a United Air Lines skycap at Logan Airport in East Boston, Massachusetts (through Huntleigh Corporation) during the period during which United assessed the $2 per bag charge described in this complaint. He and other United

skycaps in Massachusetts were paid an hourly rate of approximately $7, an amount that is less than the Massachusetts minimum wage.

11.     Plaintiff Carlos Borges Carreiro is an adult resident of Attleboro, Massachusetts. Mr. Carreiro was employed as a United Air Lines skycap at Logan Airport in East Boston, Massachusetts (through Huntleigh Corporation) during the period during which United assessed the $2 per bag charge described in this complaint. He and other United skycaps in Massachusetts were paid an hourly rate of approximately $7, an amount that is less than the Massachusetts minimum wage.

12.     Plaintiff Patricia Shea-Scanlon is an adult resident of Naples, Florida. Ms. Shea-Scanlon was employed as a United Air Lines skycap at Logan Airport in East Boston, Massachusetts (through Huntleigh Corporation) during the period during which United assessed the $2 per bag charge described in this complaint. She and other United skycaps in Massachusetts were paid an hourly rate of approximately $7, an amount that is less than the Massachusetts minimum wage.

13.     The above-named plaintiffs who have been paid an hourly rate less than the federal minimum wage bring the FLSA claim in this case on behalf of similarly situated United Air Lines skycaps throughout the country who have been paid less than the federal minimum wage; these employees may opt in to this case to pursue claims under the Fair Labor Standards Act, 29 U.S.C. § 216(b).

14.     Defendant United Air Lines, Inc. ("United") is a public corporation that operates at airports throughout the country.

## III.   JURISDICTION AND VENUE

15.   This Court has general federal question jurisdiction pursuant to 28 U.S.C. §1331, because Plaintiffs have brought a claim pursuant to the federal Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* The Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

16.   Venue is proper in this court because United Air Lines has violated the laws of the Commonwealth of Massachusetts within Massachusetts, has obligated itself to the plaintiffs within Massachusetts, and has specifically chosen to maintain a corporate presence within, and substantial contacts with, the Commonwealth of Massachusetts.

## IV.   STATEMENT OF FACTS

17.   Skycaps have traditionally received most of their compensation from tips given to them by airline passengers.

18.   However, in 2005, United began assessing a $2 per bag charge on passengers in a number of airports around the country.

19.   This $2 per bag charge was instituted at the majority of United terminals around the country.

20.   The proceeds of this $2 per bag charge have not been paid to the skycaps.

21.   Instead, United retained the proceeds from this charge and/or shared it with other companies with which it has jointly employed skycaps.

22.   The skycaps who have worked at United terminals at which the $2 per bag charge was instituted have been jointly employed by United and contractor companies.

23. The contractor companies have issued the skycaps' paychecks. However, United has been the skycaps' joint employer.

24. For example, the skycaps have worked at United terminals, served United passengers, and adhered to United policies (including the collection of $2 per bag from passengers for curbside check-in).

25. Also, the skycaps have been required to use United equipment, including a United computer system.

26. United has had control over scheduling and staffing of skycaps at its terminals.

27. United has had control over handling passenger complaints about skycaps' service.

28. United has conducted employment-related trainings for the skycaps.

29. United has instructed the skycaps on the day-to-day performance of their job duties.

30. United skycaps have been paid a base wage that is less than the federal minimum wage and is less than the minimum wage of a number of states.

31. However, United has not met the federal and state legal requirements to take a "tip credit" against the minimum wage for skycaps.

32. For example, since the institution of the $2 per bag charge, the skycaps were not able to retain all of their tips and instead had to pay a portion of their tips over to United.

33. The skycaps were required to turn in $2 for every bag they check, whether or not they had collected the $2 charge from the passenger.

34. When passengers checked their bags with skycaps but did not pay the $2 charge, skycaps had to make up these "shortages" out of their own tips.

35. Also, because the $2 charge is a tip or service charge under the Massachusetts Tips Law and because the skycaps did not retain the proceeds of the $2 charge, United was not qualified to take the "tip credit" against the Massachusetts minimum wage.

36. United did not provide to the skycaps the notice required under federal and state law regarding its intention to take a "tip credit" against the minimum wage.

**COUNT I**

FAIR LABOR STANDARDS ACT

Defendant's knowing and willful failure to pay Plaintiffs and class members the federal minimum wage violates the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. Defendant has not been entitled to take the "tip credit" against the minimum wage pursuant to 29 U.S.C. § 203(m).

## COUNT II

### MASSACHUSETTS MINIMUM WAGE LAW

Defendant's conduct in failing to pay Plaintiffs who have worked in Massachusetts the Massachusetts minimum wage and inappropriate claiming of the "tip credit," as set forth above, violates Mass. Gen. L. c. 151 §§ 1 and 7. This claim is brought on behalf of the Massachusetts plaintiffs.

### JURY DEMAND

Plaintiffs request a trial by jury on all their claims.

WHEREFORE, Plaintiffs request that this Court enter the following relief:

1. Permission for skycaps throughout the country who have been employed as United Air Lines skycaps during the period when the $2 per bag charge was in effect, and were paid less than federal minimum wage, to opt in to this action, pursuant to § 216(b) of the FLSA;

4. Restitution for the full minimum wage (under the FLSA and Massachusetts law);

5. Liquidated damages under the FLSA;

6. Statutory trebling of damages under the Massachusetts Minimum Wage Law (for the Massachusetts skycaps);

7. Attorneys' fees and costs; and

8. Any other relief to which the plaintiffs may be entitled.

\

Respectfully submitted,

ELVIS BUTCHER, LORENZO WILEY,
SCOTT GORDON, JOSEPH BROWN,
VINCENT McLAREN, PHILIP FIELDS,
CARLOS BORGES CARREIRO, PATRICIA SHEA-SCANLON,
and all others similarly situated,

By their attorneys,

Shannon Liss-Riordan, BBO #640716
Hillary Schwab, BBO #666029
LICHTEN & LISS-RIORDAN, P.C.
100 Cambridge Street, 20th Floor
Boston, MA 02114
(617) 994-5800

Dated:    October 6, 2009